## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | 5:18-cr-00056-VEH-HNJ |
| | ) | |
| **BRIAN ROBERT SODI** | ) | |

### GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)

The United States of America, by and through its counsel, Jay E. Town, United States Attorney, and Jonathan S. Keim, Assistant United States Attorney, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best

efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion, other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

The Indictment charges Brian Robert Sodi with one count of conspiracy to commit securities and mail fraud under 18 U.S.C. § 1349, seven counts of securities fraud under 18 U.S.C. § 1348, one count of securities fraud under 15 U.S.C. §§ 77q(a) and 77x, and one count of mail fraud under 18 U.S.C. § 1341. *See generally* Indictment, Doc. 1. According to the Indictment, the defendant conspired with others to, and did in fact, participate in multiple frauds involving the

manipulation of stock prices through pump-and-dump securities fraud. In a pump-and-dump, the defendant obtains stock, artificially inflates the price of the stock through the dissemination of misleading and false positive statements about the stock, and then sells the stock on the open market for a profit at a higher price.

The defendant also committed a fraud called scalping, in which he obtained ownership of stock, recommended that others purchase the stock without disclosing his ownership and intention to sell, and subsequently sold the stock for his own benefit. He also misled potential investors by concealing the fact that he was trading in the stock for his own benefit, and specifically, selling the same stock that he was telling others to buy. The Indictment alleges that Sodi participated in such fraud schemes involving four separate stock tickers during 2012 and 2013.

Because the frauds alleged in the Indictment were directed at influencing the stock price of each of the targeted stocks, and thereby influencing the market for the stocks as a whole, the number of victims harmed by the defendant's activities reaches far beyond the typical range for ordinary financial fraud cases. The Government currently estimates that 48,848 investors, in the United States and elsewhere, purchased manipulated stock during Sodi's frauds.

Such a large number of victims makes compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the government nor the Court has the resources to accord all of the victims in this case

the notice required by subsection 3771(a).

Therefore, the Government intends to use an alternative mechanism for informing victims in accordance with 18 U.S.C. § 3771(d)(2). The Government intends to issue a special press release directing victims to a website containing case information. The website will be updated as the case proceeds. In addition, the website will direct victims wanting more information to call a special phone number set aside for handling victim notification in large cases. That number will be answered by a call center that can answer victim questions. Victims may also send email to an address set up to handle victim inquiries.

## CONCLUSION

Based on the foregoing, the government requests that the Court grant the motion for alternative victim notification procedures.

Respectfully submitted,

JAY E. TOWN
UNITED STATES ATTORNEY

By:   /s/Jonathan S. Keim
Jonathan S. Keim
*Assistant United States Attorney*
United States Attorney's Office
400 Meridian St., Suite 304
Huntsville, AL 35801
Phone: (256) 534-8285
Fax:    (256) 539-3270

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on counsel for defendant via electronic mail on March 21, 2018.

                                        Respectfully submitted,

                                        JAY E. TOWN
                                        UNITED STATES ATTORNEY

          **By:**        **/s/ Jonathan S. Keim**
                                        Jonathan S. Keim
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        400 Meridian St., Suite 304
                                        Huntsville, AL 35801
                                        Phone:  (256) 534-8285
                                        Fax:    (256) 539-3270
                                        Email:  jonathan.keim@usdoj.gov