Neil A. Kaplan (Utah Bar No. 3974)
CLYDE SNOW & SESSIONS
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516
Facsimile:  801-521-6280
nak@clydesnow.com

D. Loren Washburn (Utah Bar No. 10993)
SMITH CORRELL LLP
8 East Broadway, Suite 320
Salt Lake City, Utah  84111
Telephone:  801-584-1800
Facsimile:  801-584-1820
lwashburn@smithcorrell.com

Jack W. Selden
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama  35203
Telephone:  205-521-8472
Facsimile:  205-521-8800
jselden@bradley.com

*Attorneys for Brian Robert Sodi*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN ROBERT SODI,<br><br>    Defendant. | MOTION TO MODIFY<br>CONDITIONS OF RELEASE<br><br><br>Case No. 5:18-cr-00056-VEH-HNJ-1 |

Defendant, Brian Robert Sodi, by and through his counsel, hereby respectfully moves the Court, pursuant to 18 U.S.C. § 3142(c)(3), to modify the conditions of his release. In support of this motion, Mr. Sodi presents the following:

1. An Indictment was returned against Mr. Sodi in this District on February 22, 2018, charging Mr. Sodi with securities fraud and other offenses involving the promotion of penny stocks.

2. Mr. Sodi was arrested in his home state of Florida and appeared before the United States District for the Southern District of Florida on March 8, 2018. At that hearing, the Florida District Court set certain conditions of release, including an electronic ankle monitoring device to monitor the curfew imposed by the Court between 11 p.m. and 8 a.m. In addition, Mr. Sodi surrendered his passport, posted a $250,000.00 unsecured personal bond, and was released and ordered to appear as required in this District.

3. Pursuant to the Florida Order and arrangements made with the Court, Mr. Sodi appeared with counsel on March 26, 2018, for his arraignment in this Court. At Mr. Sodi's arraignment, for purposes relevant here, the Court modified the conditions of release set by the Florida District Court to remove the curfew condition. The Court, however, imposed an additional condition that Mr. Sodi submit to location monitoring, the type and frequency of location reporting to be at the discretion of the United States Probation Office. *See* Doc. 17. The Court also orally granted leave to Mr. Sodi to submit alternative conditions of release, including the posting of real property as collateral.

4. To satisfy any potential concerns of the Court, Mr. Sodi agrees, pursuant to 18 U.S.C. § 3142(c)(1)(b)(xi), to execute an agreement to forfeit real property he and his wife own with an approximate unencumbered value of $1 million located in Boca Raton, Palm Beach County, Florida, should he fail to appear as required by the Court. We respectfully request that the requirement that Mr. Sodi wear a location monitoring device be removed as a condition of release. The real property has a fair market value of approximately $2.7 million with a mortgage

of approximately $1.7 (*see* Declaration of Brian Sodi attached hereto as Exhibit A). The property is more specifically described as follows:

> SPANISH RIVER LAND CO SUB UNIT 1 LT 6 & E 13.25 FT OF N 78.3 FT& E 24.65 FT OF S 121.7 FT OF LT 7 BLK 11

5. The combination of the $250,000.00 bond and the real property offered herein is substantial, especially in light of the other factors strongly favoring release without conditions. Mr. Sodi has been a life-long resident of Florida. He has been married for 21 years. He has three children ages 17, 15 and 11 at home. He has no prior criminal record. Mr. Sodi's major family activities with his children involve water sports, which he cannot participate in with an electronic ankle monitor.

6. The Government's argument for requesting a location monitoring device was based on the fact that Mr. Sodi has property in various locations, which it contended made Mr. Sodi a flight risk.

7. The Government presented no evidence that Mr. Sodi presented any flight risk. It simply asserted that because he owns property outside the United States, the Court needed to require a location monitoring device. Location monitors track a defendant's physical whereabouts. As the Court knows, they are frequently used in cases involving crimes of violence where it may be necessary, in order to assure the safety of others, for the Court, through the probation office, to know the defendant's location at all times. Obviously, those considerations are not present here. It cannot be sufficient for the Government to simply argue that because a defendant has substantial property he poses a flight risk for that reason. If that were the case, every individual of some means would be required to wear an ankle monitor without any factual basis whatsoever for concluding that such person poses a flight risk.

8. In addition, Mr. Sodi and his wife have signed a personal appearance bond for $250,000.00, and he has surrendered his passport to further satisfy any concerns the Court might have.

9. In the Bail Reform Act of 1984, as reflected in 18 U.S.C. §§ 3141 and 3142, Congress directed courts to adopt a default of releasing individuals charged with crimes without bail. Only where conditions are required either to protect the public (not argued by the government here) or to assure the appearance of the defendant at trial, is the Court directed to set conditions of release. Even then, Congress requires the judiciary to impose the "least restrictive" condition or combination of conditions that will reasonably assure the appearance of the person. The Bail Reform Act intended to create and did create a strong statutory presumption in favor of pretrial release on personal recognizance or a minimal appearance bond. (18 U.S.C. § 3142(a)).

10. Here the electronic monitoring requested by the government is not the least restrictive condition and would do little to assure the appearance of Mr. Sodi at trial. Hypothetically, were Mr. Sodi, having surrendered his passport, inclined to flee his life-long home in Florida and the only country of which he is a citizen, the United States, through some extra-legal means (after all he does not have a passport to legally leave), the only deterrent the location monitoring device would impose would be the minimal effort to cut off the ankle band. In contrast, under the bond proposed herein, Mr. Sodi would face the loss of his family's home, including the $1,000,000 in equity that they have acquired in that home. Surely Mr. Sodi's proposal more effectively assures his appearance at trial and removes the intrusive and more restrictive electronic monitoring.

11. Where, as here, the government proffers only the existence of property outside the United States and requests location monitoring that would do little to deter him from leaving

{01324457-1 }                                                    4

were he so inclined (he is not), we respectfully submit that the government has not met its burden by a preponderance of the evidence to demonstrate that the restrictive condition of electronic monitoring is required, especially where Mr. Sodi has now offered a secured property bond on a property with equity of approximately $1,000,000.

12.     A person like Mr. Sodi, with strong community and family ties to one state for his lifetime, with no prior record, and with children at home, cannot in any remote way be considered a flight risk. Nevertheless, to satisfy any concerns of the Court, Mr. Sodi will execute an agreement to forfeit the real property described above if he fails to appear as required during the pendency of this case.

RESPECTFULLY submitted this 6th day of April 2018.

/s/ Neil A. Kaplan
Neil A. Kaplan
D. Loren Washburn
Jack W. Selden
*Attorneys for Brian R. Sodi*

## CERTIFICATE OF SERVICE

     I hereby certify that on April 6, 2018, a true and correct copy of the foregoing Motion to Modify Conditions of Release was electronically filed with the court, which sent notice of the filing to the following parties. Parties may access this filing through the court's system.

>Jay E. Town
>U.S. Attorney's Office
>1801 4th Avenue North
>Birmingham, AL  32302-2101
>
>Jonathan S. Keim
>U.S. Attorney's Office
>400 Meridian Street N, Suite 304
>Huntsville, AL  35801
>
>James B. Eubank
>Special Assistant United States Attorney
>Alabama Securities Commission
>401 Adams Avenue, Suite 280
>Montgomery, AL  36104

>     /s/ Michelle Carter