# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Case No.: 5:18-cr-056-KOB-HNJ |
| | ) |
| **BRIAN ROBERT SODI,** | ) |
|    **Defendant.** | ) |

## <u>MOTION FOR ORDER OF FORFEITURE</u>

Comes now the United States of America, and moves this Court for entry of an Order of Forfeiture in the above-styled case. As grounds therefore, the Government states as follows:

1. In the Notice of Forfeiture included in the Indictment in this case, the United States sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property of Defendant BRIAN SODI, constituting or derived from proceeds traceable to the offense charged in Count Nine in violation of 15 U.S.C. §§ 77q(a), 77x. The Notice of Forfeiture also informed Defendant of the Government's intention to seek forfeiture of substitute assets in the event the directly forfeitable property was unavailable. [Doc. 1.]

2. On May 20, 2019, Defendant BRIAN SODI entered a formal plea of guilty to Count Nine. [Minute Entry 05/20/19.] As part of the plea, Defendant consented to the immediate entry of an order of forfeiture in the amount of **$338,056.14**.

3.      The Court's authority to order forfeiture of property for fraudulent interstate transactions offense in violation of 15 U.S.C. §§ 77q(a), 77x is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of, or a conspiracy to violate, 15 U.S.C. §§ 77q(a), 77x.

4.      Although 18 U.S.C. § 981(a)(1)(C) is a civil-forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.

5.      Based upon the guilty plea and the Defendant's consent to forfeiture, the Attorney General is now entitled to possession of **$338,056.14** pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

6.      The United States has not, as of this date, identified specific property of Defendant that could feasibly be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). In the event the United States identifies property of Defendant in the future that could be forfeited as a substitute asset, the United States will promptly petition the Court for such forfeiture pursuant to 21 U.S.C. § 853(p).

Accordingly, the United States respectfully requests that this Court enter an order of forfeiture against Defendant in the amount of **$338,056.14**. A proposed order is submitted with this motion for the Court's review.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence and also include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Respectfully submitted this 18th day of March 2022.

>	PRIM F. ESCALONA
>	United States Attorney
>
>	*s/Austin D. Shutt*
>	Austin D. Shutt
>	Assistant United States Attorney
>	1801 Fourth Avenue North
>	Birmingham, AL 35203
>	(205) 244-2001
>	Austin.Shutt@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 18th day of March 2022, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*s/Austin D. Shutt*
Austin D. Shutt
Assistant United States Attorney